UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER McQUADE, | ) | CASE NO. 1:21CV834 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF | ) | OPINION AND ORDER |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Plaintiff's Objections (Doc. 14) to the Magistrate Judge's Report and Recommendation (Doc. 13), which recommended the Court affirm the Commissioner's decision to deny Plaintiff's claim for disability insurance benefits ("DIB"). For the following reasons, the Court **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation, **REVERSES** the Commissioner's decision and **REMANDS** this matter back to the Commissioner for further development of the record in accordance with this decision.

### I. BACKGROUND FACTS

The following is a procedural synopsis of Plaintiff's claim. For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report and

Recommendation, which refers to the original Complaint and incorporates the relevant documents.

Plaintiff filed her claim for DIB on September 25, 2019, alleging a disability onset date of December 17, 2018. Her claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was granted. The ALJ held a hearing on November 12, 2020. Both Plaintiff and a neutral vocational expert testified at the hearing. On December 1, 2020, the ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's opinion the final decision of the Commissioner.

On April 22, 2021, Plaintiff timely filed her Complaint challenging the Commissioner's final decision before this Court. (Doc. 1). On June 2, 2022, the Magistrate Judge issued her Report and Recommendation.[1] (Doc. 13). On June 13, 2022, Plaintiff timely objected to the Report and Recommendation. (Doc. 14). Defendant filed a brief Response shortly thereafter. (Doc. 15).

## II. LAW & ANALYSIS

### A. Standard of Review

When reviewing a magistrate judge's report and recommendation, a court makes a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision however, the district court's review is not *de novo*. *Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010).

---

[1] This matter was originally referred to Magistrate Judge Kathleen Burke upon filing. (Non-Doc. Entry, 4/22/2021). Upon Judge Burke's retirement, the matter was referred to Magistrate Judge Amanda Knapp. (Non-Doc. Entry, 10/1/2021).

Instead, a district court determines whether the Commissioner applied the proper legal standards and whether substantial evidence supported the Commissioner's findings. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

'Substantial evidence' has been defined as "more than a mere scintilla" of evidence, *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003), but less than a preponderance of the evidence, *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Thus, if the record evidence is of such nature that a "reasonable mind might accept it as adequate to support" the Commissioner's conclusion, then the determination must be affirmed. *Wright*, 321 F.3d at 614. If such evidence exists, the district court should defer to the Commissioner's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

A district court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Rather, courts "focus on whether substantial evidence supports the Commissioner's decision[.]" *Id.* at 615.

However, even if an ALJ supports his decision with substantial evidence, a district court cannot uphold the decision if the ALJ does not build an accurate and logical bridge between the evidence and the result. *Ripley v. Comm'r of Soc. Sec.*, 415 F. Supp. 3d 752, 764 (N.D. Ohio 2019).

Plaintiff asserts two objections to the Report and Recommendation: "(I) The ALJ failed to adequately consider the persuasiveness of treating source opinions; and (II) The ALJ assessments of [Plaintiff's] non-exertional impairment concerning the need for ready access to a restroom is legally insufficient and too vague for review." (Doc. 14, PageID: 1153, 1157). While Plaintiff's first objection has no merit, the Court agrees and finds merit in Plaintiff's second objection.

**B.    ALJ's Treatment of Dr. Morales-Mena's Opinion**

Doctor Morales-Mena – Plaintiff's treating rheumatologist – submitted a medical opinion form sent to her by Plaintiff's counsel. In the form, Dr. Morales-Mena checked off certain items and provided handwritten notes. The ALJ "specifically reject[ed] and [did] not find persuasive the unsupported 'checklist' medical opinions contained on this form." (Doc. 9, PageID: 73). According to the ALJ, the record did not support Plaintiff's allegations of disability. While the record supported some limitations, the record did "not support the level of limitation opined by Dr. Morales-Mena." (*Id.* at PageID: 74).

The Magistrate Judge determined that the ALJ properly treated the form that Dr. Morales-Mena completed. The Magistrate noted that Dr. Morales-Mena's notes generally restated the record evidence that the ALJ had discussed. In the end, the ALJ weighed and considered the entire record and concluded that Dr. Morales-Mena's opinion was not persuasive.

Plaintiff objects to the Magistrate Judge's recommendation on two grounds. First, both the ALJ and Magistrate minimized the form Dr. Morales-Mena completed simply because of its format. And second, the ALJ misread the record as there is ample

support for Plaintiff's allegations of disability. Thus, Plaintiff argues that Court must remand this issue for further treatment.

The Court agrees with the Magistrate Judge. As the Magistrate correctly explained, Plaintiff's attack on the ALJ's opinion is asking the Court to reweigh the evidence in Plaintiff's favor. But the Court does not reweigh evidence when reviewing an ALJ's determination.

Regarding Plaintiff's two specific objections, the Court finds them meritless. As Plaintiff's own caselaw suggests, it is not improper for ALJs to consider the format of a medical opinion, especially when a checklist opinion is unsupported by an explanation. *Kepke v. Comm'r of Soc. Sec.*, 636 Fed. App'x 625, 630 (6th Cir. Jan. 12, 2016). The ALJ did just that here – he considered the format of Dr. Morales-Mena's opinion and discounted it as inconsistent with the record. And contrary to Plaintiff's arguments, the Court agrees with the Magistrate Judge that the doctor's handwritten notes merely summarized the record, which the ALJ previously did in his opinion.

Second, Plaintiff believes the record supports her allegations and highlights certain treatment dates as evidence. The issue with this argument is that the ALJ considered each of these appointments throughout his decision. And while he found some evidence for the existence of limitations, he did not find the limitations equaled the severity alleged by Plaintiff.

In the end, as the Magistrate Judge recommended, substantial evidence supported the ALJ's decision. Accordingly, the Court cannot overturn that decision even if substantial evidence may exist to support Plaintiff's allegations. *Blakley*, 581 F.3d at 406.

## C.  Restroom Limitation

At the hearing, Plaintiff presented evidence that she suffers from irritable bowel syndrome with microscopic colitis and that she experienced between ten to twenty bowel movements per day.  As part of the ALJ's final RFC determination, he noted that Plaintiff "must have ready access to restroom facilities, so no work outdoors." (Doc. 9, PageID: 67) ("the Restroom Limitation").  Also at the hearing, the VE testified that an individual with Plaintiff's RFC limitations could work at jobs that existed in significant number in the economy.  (*Id.* at PageID: 101-02).  But the VE also testified that, if the same individual needed to take four breaks throughout the workday, that would preclude any competitive employment.  (*Id.* at PageID: 103).  Ultimately, the ALJ found Plaintiff not disabled and denied her claims for benefits.

In appealing the ALJ's determination, Plaintiff argued that the ALJ should have included limitations for unscheduled breaks, off-task behavior and absenteeism.  Specifically, Plaintiff attacked the Restroom Limitation as vague and argued the ALJ should have accounted for the frequency, urgency and duration of Plaintiff's bowel movements.  The Magistrate Judge disagreed.  The Magistrate viewed this argument as an attack on the evidence that the ALJ used to formulate his opinion.  In reviewing the record, the Magistrate found reason to discount Plaintiff's subjective testimony concerning the severity and frequency of her condition.  Moreover, other objective evidence existed in the record – like conservative treatment plans and ability to perform daily activities.

Plaintiff objects to this recommendation.  Plaintiff argues that the Restroom Limitation is too vague and thus precludes judicial review.  Because the frequency and

urgency of Plaintiff's bathroom breaks are unaccounted for, there is no nexus between the evidence in the record and the RFC limitation. Accordingly, Plaintiff believes remand is appropriate to develop this issue further.

The Court agrees with Plaintiff. Plaintiff's second objection raises both a factual and legal question. *See Stephen E. v. Saul*, 2020 WL 5413210 (D. Utah Sept. 9, 2020) (plaintiff's contention concerning the RFC limitation for bathroom breaks presents both a legal and factual question). Factually, the Court takes no issue with the ALJ's determination. Defendant and the Magistrate Judge are correct that the ALJ was not required to accept Plaintiff's subjective complaints and that other evidence existed in the record which questioned the severity of Plaintiff's gastrointestinal condition. Notwithstanding this evidence, the ALJ still found evidence that supported limiting Plaintiff to indoor work with ready access to restroom facilities.

Legally, the Court finds the Restroom Limitation insufficient. The Court agrees with those other courts that have held that when an ALJ includes a RFC limitation concerning access to a restroom, the ALJ should also make a specific finding concerning the frequency and duration of the claimant's bathroom usage as part of the RFC. *Green v. Astrue*, 2010 WL 2901765, *5 (E.D. Tenn. July 2, 2010), *report and recommendation adopted by* 2010 WL 2901762 (E.D. Tenn. July 20, 2010); *Hubbard v. Comm'r of Soc. Sec.*, 2012 WL 883612, at *7 (E.D. Mich. Feb. 27, 2012, *report and recommendation adopted by* 2012 WL 858636 (E.D. Mich. Mar. 14, 2012); *Lowe v. Colvin*, 2016 WL 624922 (W.D.N.Y. Feb. 17, 2016).

As written, the Restroom Limitation "fails to address a variety of factors that necessarily affect [her] RFC," *Sherrill v. Comm'r of Soc. Sec.*, 2014 WL 1338114, *7

(S.D. Ohio Apr. 2, 2014) *report and recommendation adopted by* 2014 WL 1672926 (S.D. Ohio Apr. 28, 2014), those primary factors being frequency and duration of each restroom visit. *Sikorski v. Berryhill*, 690 Fed. App'x 429, 433 (7th Cir. Aug. 10, 2017); *Green*, 2010 WL 2901765, *5 (recognizing the significant difference between two breaks for ten minutes every hour versus one break for five minutes every hour). And nowhere in the record does the ALJ discuss these factors. Since the Court will not speculate as to facts missing in the record or without further explanation from the ALJ, the Court cannot meaningfully review the ALJ's decision. *Benfield v. Saul*, 827 Fed. App'x 297, 301 (4th Cir. Sept. 4, 2020).

Accordingly, the Court remands this matter back to the Commissioner for further factfinding in line with this opinion. Specifically, the ALJ should determine the frequency and duration of Plaintiff's need for restroom access and the practical workday limitations resulting therefrom in formulating Plaintiff's RFC.

### III. CONCLUSION

While Plaintiff's first objection is without merit, she does present a meritorious issue with her second objection that requires further factfinding. Accordingly, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (Doc. 13); **REVERSES** the Commissioner's denial of Plaintiff's claim; and **REMANDS** the matter back to the Commissioner for further factfinding considering the Court's Opinion.

**IT IS SO ORDERED.**

    s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: September 22, 2022**